March 14.
Judge Brooke,
delivered the opinion of the court.
The court is of opinion, that the appellant having survived her first husband Emanuel Jones, took an absolute estate in all the property comprehended in the marriage settlement, bearing date the 23d of February, 1803; and that the deed of settlement, of the 1st day of April, 1816, executed by her second husband, John S. Stubbs, and herself, to the appellee, was intended by the parties to be made in pursuance of the marriage articles, entered into between them, before marriage, and bearing date the 18th of July, 1815, and must be controlled thereby; by which she having survived the said John S. Stubbs, again became entitled, in absolute right, to all the property included in the marriage articles first above mentioned. The decree, therefore, so far as it restrains the appellant from removing, or otherwise using that property, is erroneous, and must be reversed with costs.
*327 And the cause is remanded to the court of chancery, for an enquiry to be made, whether the marriage articles and deed of settlement, between the appellant and her last husband John S. Stubbs, embraces any other personal estate, than that derived to her in and by the marriage settlement aforesaid, between her and her first husband Emanuel Jones, which she holds as executrix of the will of the said Jones; and in that event, further to enquire, whether she has given sufficient security as executrix, and if not, to take such measures, as may be proper and effectual, to compel her to give such security : or otherwise to provide for the preservation of such property, and its ultimate disposition, according to the rights of the parties interested therein. But, in case such sernrity shall have been given, then the bill is to be dismissed.